# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                  Telephone: (212) 317-1200
New York, New York 10165                    Facsimile: (212) 317-1620
ramsha@csm-legal.com

June 20, 2022

**VIA ECF**
Judge George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

         Re:     Recarte et al. v. Twenty-Three-One-Nought-W, LLC et al.
                  Index No. 1:18-cv-08534-GBD

Your Honor:

        This office represents Plaintiff in the above-referenced matter. The Parties submit this letter to respectfully request that the Court approve the settlement agreement (the "Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

        Plaintiff has agreed to settle all of the claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiffs' claims asserted in this case as outlined more specifically in the attached Agreement.

        The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, the Parties respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

I.     **Background**

        Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; the recovery of equipment costs; unlawful deductions from wages; and the failure to pay wages on a timely basis, along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiff alleges that he is entitled to back wages of approximately $103,133.75 and would be entitled to approximately $216,267.50 if he had recovered in full for their claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's

damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiff contends that he was employed by Defendants at a superintendent, at buildings located at 2310 Walton Avenue, Bronx, New York 10468 and 16 Elliot Place, Bronx, New York 10452. Plaintiff was employed by Defendants from approximately January 2014 until in or about August 2018. Plaintiff alleges that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants dispute and deny each and every allegation contained in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiff to be entitled to the above-claimed sums.

## II.     The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $10,000.00. As per the terms of the Agreement, the Settlement Amount shall be paid within thirty (30) days after the approval of the Agreement. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Under *Cheeks* and its progeny, a court should consider the totality of the circumstances including, but not limited to, the below factors in determining whether a proposed settlement is fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4) the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336.

Ultimately, the settlement must reflect a fair and reasonable compromise of disputed issues with the principal question being "whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 366 (S.D.N.Y. 2013). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, *16 (S.D.N.Y. Sept. 23, 2014).

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, it became clear that there were contested factual and legal disputes. Defendants produced records which purported to show the hours Plaintiff worked and the wages he did earn. Accordingly, Defendants alleged that, even if Plaintiff succeeded on liability, his damages were not near what Plaintiff claimed them to be. While Plaintiff disputes the accuracy and completeness of the records, the litigation has been pending for nearly four years and Plaintiff understands that substantive answers to these disputed issues would not be resolved without substantial additional discovery and motion practice, if not trial. The Defendants intend to conduct depositions of Plaintiff's identified witnesses, which will take substantial additional time. Plaintiff understands that should he continue to litigate his claims, there is no guarantee he would recover what he believes he is owed. Based on these disputes the Parties engaged in good-faith, arm's length settlement negotiations, regarding not only Plaintiff's FLSA claims, but also his state law claims. Considering the prospect of protracted litigation and an uncertain result, Plaintiff feels that the Agreement represents a fair compromise.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiff believes that this settlement is satisfactory, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The settlement will also enable the Parties to avoid the delay, burdens, and expenses of trial, as well as the litigation risks that always accompany same. Courts consider settlements fair and reasonable when, as is the case here, they take into account the potential risks of litigation. *See e.g., Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, inter alia, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc.*, 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (Court held the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation").

A bona fide dispute exists with respect to wages owed/paid and hours worked. Counsel for the Parties herein discussed these issues at length in a series of telephone calls, email exchanges, and all agreed that in light of this bona fide dispute about the extent of damages,

settlement would bring both sides certainty and a quick resolution, and so settlement would be in the best interests of both Parties.

The Parties jointly represent to the Court that the Agreement is fair to the Plaintiff, reasonably resolves bona fide disagreements between the Parties about the merits of Plaintiff's claims, and demonstrates a good faith intention by the Parties that their claims for liability and damages be fully and finally resolved and not re-litigated in the future.

### III.   Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $4,386.66 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation with costs, which represents a negative multiplier of the lodestar amount.

Plaintiff's counsel's lodestar in this case is $12,703.00 and Plaintiffs' costs are $1,580.00. A copy of Plaintiff's billing record is attached as "Exhibit C."  The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 ,at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiffs, including the effective billable rates which Plaintiffs respectfully request the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

   i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017),

        Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

        ii.    Gennadiy Naydenskiy ("GN") was a Litigation Associate of Michael Faillace & Associates P.C. now CSM Legal P.C. Gennadiy Naydenskiy is reflected in Exhibit C as "GN" is billed at a rate of $350 per hour. Prior to joining Michael Faillace and Associates, P.C, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions.

        iii.    I, Ramsha Ansari have been a Litigation Associate at CSM Legal, P.C since January 2022. I am reflected in Exhibit C as "RA" and billed at a rate of $300 per hour. I graduated from Brooklyn Law School in 2020 and am admitted to the New York Bar, United States District Court Southern District of New York, and the United States District Court, Eastern District of New York. Prior to joining this firm, I worked as an associate at a firm's Labor and Employment Department representing Plaintiffs in discrimination, sexual harassment, and wage and hour lawsuits.

        iv.    Work performed by paralegals ("PU") are billed at the rate of $125 per hour. "[H]ourly rates for paralegals to $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (finding that the paralegal's requested hourly rate of $100 was reasonable; *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125 for paralegals from same firm).

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

Plaintiffs thank the Court for its time and consideration of this matter.

                Respectfully submitted,

                *Ramsha Ansari*
                Ramsha Ansari, Esq.
                60 East 42nd Street, Suite 4510
                New York, NY 10165
                212-317-1200
                ramsha@csm-legal.com

cc: All Counsel (via ECF)